IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. FULLARD | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RDB-06-1369 |
| THELMA C. BLACKSTON, ALLEN SCHWAIT, ROLAND WALKER, and CASSANDRA COSTLEY | : : : | |
| Defendants | | |

o0o
## MEMORANDUM OPINION

The above-captioned civil rights action was instituted upon receipt of an apparent motion filed pursuant to Fed. Rule 60(b). The motion has been construed as a civil rights complaint. The instant case marks the fourth occasion Plaintiff has attempted to file this claim. *See Fullard v. Blackston, et al.*, CCB-03-3869 (D. Md. 2003), *Fullard v. Blackston, et al.*, CCB-05-2114 (D. Md. 2005), and *Fullard v. Blackston, et al.*, CCB-05-2958 (D. Md. 2005). Each time the claim has been raised, it has been dismissed without requiring an answer. The instant complaint shall also be dismissed.

Plaintiff alleges that a transcript of the guilty plea proceeding in his criminal case was altered by the court reporter. He asserts in the instant complaint that this Court incorrectly dismissed his claim because a tape recorded version of the proceeding was not ordered and compared with the written transcript. Paper No. 1.

In *Fullard v. Blackston et al.*, Civil Action No. CCB-03-2869 (D. Md. 2003), Plaintiff was directed to amend his complaint to include specific allegations regarding what was altered in the

transcript. Because plaintiff did not comply with the order, the complaint was dismissed without prejudice.

In *Fullard v. Blackston, et al.*, Civil Action No. CCB-05-2114 (D. Md. 2005), Plaintiff again claimed that the transcript of his guilty plea proceeding was altered and that defendants engaged in a conspiracy to do so in an action filed in this court on August 2, 2005. As relief he sought release from incarceration. This court dismissed the claim because the relief sought was not available to plaintiff in a civil rights action and a verdict in plaintiff's favor would require invalidation of plaintiff's conviction, a result prohibited by *Heck v. Humphrey*, 512 U. S. 477, 487 (1994).

In *Fullard v. Blackston, et al.* Civil Action No. CCB-05-2958 (D. Md. 2005), Plaintiff raised similar claims and, in addition, attempted to revisit the merits of his previously dismissed petition for writ of habeas corpus. The complaint was dismissed because claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned. Plaintiff's conviction stands; thus, his complaint was dismissed without prejudice.

Where, as here, Plaintiff has not stated a cognizable claim, there is no requirement of this Court to conduct an evidentiary hearing or otherwise countenance the allegations raised. *See* 28 U.S.C.A. § 1915A (requiring dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted). In light of the lengthy history regarding this claim, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) as frivolous. Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails

to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury". The instant case will be the first filed by Plaintiff that has been dismissed as frivolous.   A separate Order follows.

June 6, 2006                                                                /s/

                                                                    _____
                                                                    RICHARD D. BENNETT
                                                                    UNITED STATES DISTRICT JUDGE